IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER OKECHUKWU AJAEGBU | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-09-CV-0050-D |
| DIANA BAILEY, Quality Assurance Manager, Federal Prison Industries | § § § § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Peter Okechukwu Ajaegbu, a federal prisoner, against Diana Bailey, a quality assurance manager for Federal Prison Industries ("FPI"). On January 9, 2009, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed.

II.

Plaintiff has been a prisoner at FCI-Seagoville since 1993. For most of his incarceration, plaintiff worked for FPI, which operates under the name UNICOR, and was paid an hourly wage.

Plaintiff most recently worked as a quality assurance inspector and had been recommended for promotion to a "grade one" position by his former manager. However, when Diana Bailey became quality assurance manager, she allegedly discriminated against plaintiff, who is African-American, by giving promotions to less-qualified white and Hispanic inmates. When plaintiff filed a grievance with prison officials in March 2007, Bailey allegedly promised plaintiff a promotion if he withdrew his complaint. Plaintiff declined the offer. A year later, in March 2008, plaintiff was disciplined for laughing in the visitation room following an emergency alarm. As a sanction for his behavior, the unit team manager removed plaintiff from his UNICOR job. Plaintiff now contends that he was retaliated against for filing a grievance in violation of Section 8(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, *et seq*. By this suit, plaintiff seeks $500,000 in damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements

of a cause of action[.]" See *Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

Section 8(a) of the NLRA prohibits "employers" from engaging in certain unfair labor practices, including discriminating against workers because of union activity. *See* 29 U.S.C. § 158(a)(3). However, Congress has excluded the United States and any "wholly owned Government corporation" from the definition of "employer" under the Act. *Id.* § 152(2). "FPI is no ordinary employer; it is a 'wholly owned government corporation,' created to further the Bureau of Prison's goal of providing meaningful work for inmates confined in federal institutions." *Galvan v. Federal Prison Indus., Inc.*, 199 F.3d 461, 462 (D.C. Cir. 1999) (citations omitted); *see also* 31 U.S.C. § 9101(3)(E) (defining FPI as a "wholly owned Government corporation"). Because FPI does not meet the definition of "employer" under the NLRA, plaintiff cannot sue the corporation or its employees for alleged violations of the statute. *See also Sprouse v. Federal Prison Indus., Inc.*, 480 F.2d 1, 2 (5th Cir.), *cert. denied*, 94 S.Ct. 728 (1973).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 10, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE