IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| PETER OKECHUKWU AJAEGBU | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3:09-CV-0050-D |
| | § | |
| DIANA BAILEY, Quality Assurance | § | |
| Manager, Federal Prison Industries | § | |
| | § | |
| Defendant. | § | |

## ORDER

After conducting a review of the pleadings, files, and records in this case, and the findings and recommendation of the United States Magistrate Judge, in accordance with 28 U.S.C. § 636(b)(1), I am of the opinion that the findings and recommendation of the magistrate judge are correct, and they are hereby accepted as the findings of the court.

In his objections, plaintiff maintains that defendant is not entitled to immunity under 42 U.S.C. § 1983. This argument is irrelevant. First, plaintiff did not file suit under 42 U.S.C. § 1983. He is suing for retaliation under the National Labor Relations Act. *See* Compl. ¶ 2 and *id.* at 10-11. Second, even if plaintiff were suing under § 1983, that statute does not apply to federal-government actors. It applies to persons who act under color of *state* law. *See, e.g., Starks v. Hollier*, 295 Fed. Appx. 664, 665 (5th Cir. 2008) (per curiam) (stating that "§ 1983 applies to constitutional violations by state, rather than federal, actors"). And third, even if plaintiff had alleged a § 1983 claim and the court were obligated to construe his claim as a *Bivens* action (which applies to *federal* actors), *Bivens* requires that a plaintiff allege a constitutional violation. Although plaintiff states in his objections that he is asserting constitutional violations, it is clear from his complaint that he is alleging retaliation in a labor relations context, not a claim for a constitutional violation.

**SO ORDERED**.

February 25, 2009.

                                            _____
                                            SIDNEY A. FITZWATER
                                            CHIEF JUDGE